IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OAM CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-03872-N |
| | § | |
| OWNERS INSURANCE CO., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Plaintiff OAM Corp.'s ("OAM") motion to remand and for the award of attorneys' fees and costs [doc. 13]. The Court holds that Defendant Owners Insurance Co. ("Owners Insurance") improperly removed under 28 U.S.C. S 1441(b) because of the presence of two in-state defendants, Steve Jones and IAS Claim Services ("IAS"). Thus, the Court grants OAM's motion to remand.[1]

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action concerns a dispute over the Defendants' handling of an insurance claim filed by OAM for damage to its hotel in North Carolina. OAM Br. in Supp. of Mot. for Remand ("Pl.'s Mot. to Remand") ¶ 1 [13.1]. Owners Insurance, the insurer, assigned IAS to prepare a damage estimate, and IAS assigned Steve Jones to handle the claim. *Id.* On August 9, 2013, OAM filed suit in a Texas state court against Owners Insurance, IAS, and

---

[1]This Order also addresses Owners Insurance's surreply [18]. The Court ignores the surreply for failure to comply with local civil rules. *See* Local Civil Rules 7.1 & 15.1.

ORDER – PAGE 1

Steve Jones. *See* Def.'s Notice of Removal, Ex. 3 Pl.'s Original Pet. ("Pl.'s Pet.") [1.3]. Owners Insurance is an Ohio company registered and licensed to engage in the business of insurance in North Carolina, IAS is a Texas corporation, and Steve Jones is an individual domiciled in Texas. *Id.* ¶¶ 1–4. OAM presents claims against all three defendants for (1) violations of an "Unfair and Deceptive Trade Practices Act,"[2] (2) common law fraud, and (3) conspiracy to commit fraud. *Id.* ¶¶ 37–59. OAM also brings an additional claim against just Owners Insurance for breach of contract. *Id.* ¶¶ 25–36.

On September 24, 2013, Owners Insurance removed the state court action to this Court, claiming diversity jurisdiction. Owners Insurance claims that in-state Defendants Steve Jones and IAS do not violate the "forum-defendant rule" of 28 U.S.C. § 1441(b) because (1) improper joinder doctrine provides an exception to the forum-defendant rule and (2) OAM improperly joined both defendants.[3] OAM now moves to remand. OAM argues that Owners Insurance has not met its burden of proving that OAM improperly joined both

---

[2]OAM's petition does not specify which state deceptive trade practices act (DTPA). OAM uses the title "Unfair and Deceptive Trade Practices Act" in its petition, *see* Pl.'s Pet. ¶¶ 37–50, which is the name of North Carolina's DTPA – Texas's DTPA is simply titled "Deceptive Trade Practices Act." But OAM also brings a separate claim under "the Deceptive Trade Practices Act" against just Owners Insurance. *See id.* ¶¶ 60–64. It is possible that OAM may be attempting to invoke multiple state DTPAs, even ones other than Texas's and North Carolina's. In this Order, the Court assumes that OAM brings its claims under either Texas's or North Carolina's DTPA.

[3]OAM is apparently a North Carolina resident, and thus the presence of Texas defendants does not affect diversity jurisdiction, as is typically the case in improper joinder disputes.

Steve Jones and IAS. Thus, OAM argues that Owners Insurance improperly removed because of the forum-defendant rule.

## II. THE APPLICABLE LAW REGARDING REMOVAL

### A. Legal Standard for Removal and the Forum-Defendant Rule

A defendant may remove a state court action to federal court if he establishes the federal court's original jurisdiction over the action. 28 U.S.C. § 1441(a). In a case removed on the basis of diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Additionally, a case is not removable based on diversity jurisdiction if any defendant is a citizen of the state in which the action is brought. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (citing 28 U.S.C. § 1441(b)). This is often referred to as the "forum-defendant rule." *Id.* The forum-defendant rule is a procedural, not a jurisdictional, requirement – meaning that failure to meet this requirement produces a waivable defect in the statutory removal procedural, rather than a lack of subject matter jurisdiction. *See id.* at 392–96.

### B. Applicability of the Doctrine of Improper Joinder to the Forum-Defendant Rule

The law is well settled that the doctrine of improper joinder[4] "ensures that the presence of an improperly joined, *non-diverse defendant* does not defeat federal removal

---

[4]"There is no substantive difference between the terms 'improper joinder' and 'fraudulent joinder,' but the use of the term 'improper joinder' is preferred by the Fifth Circuit." *Yeldell v. GeoVera Specialty Ins. Co.*, 2012 WL 5451822, at *1 n.1 (N.D. Tex. 2012) (citations omitted).

jurisdiction premised on diversity." *Ross v. Nationwide Prop. & Casualty Ins. Co.*, 2013 WL 1290225, at *2 (S.D. Tex. 2013) (emphasis added) (citing *Borden v. Allstate*, 589 F.3d 168, 171 (5th Cir. 2009)).  In other words, improper joinder doctrine allows a court to "ignore an improperly joined, *non-diverse defendant* in determining subject matter jurisdiction."  *Id.* (emphasis added) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)).

But the law is not as well settled regarding whether improper joinder doctrine can extend to situations where *diverse in-state defendants* are joined in an effort to defeat removal under the forum-defendant rule.  It appears that only one federal appellate court has seriously analyzed this fairly peculiar situation.  *See Morris v. Nuzzo*, 718 F.3d 660, 666–71 (7th Cir. 2013).  As stated in *Morris*,

> The question before us is whether the district court erred in applying the fraudulent joinder doctrine to [the in-state defendant], whose presence triggers the forum defendant rule but does not compromise the parties' complete diversity.  In other words, we are asked to determine whether the fraudulent joinder doctrine creates an exception to the forum defendant rule.  It does not appear that any court of appeals has answered this question.  The few district courts that have decided the issue are split.

*Id.* at 666 (citations omitted).  The court in *Morris* provided a fairly comprehensive analysis of the dangers as well as the benefits of expanding improper joinder doctrine in this way.  But, ultimately, the court decided not to answer the question.  *Id.* at 670–71 ("Ultimately, we think it a very close question whether the fraudulent joinder doctrine ought to extend to diverse resident defendants, and we are reluctant to rule definitively on the issue today absent a more thorough and more able presentation of the relevant balance of interests described

ORDER – PAGE 4

above."). The court instead held that regardless of whether improper joinder doctrine should apply to this situation, the plaintiff properly joined the defendant – removing the need to answer this more difficult legal question. *Id.* at 668, 670–71.

The present case presents a similar situation. Assuming, without deciding, that improper joinder doctrine provides an exception to the forum-defendant rule, the Court must still grant OAM's motion to remand because the Court holds that OAM did not improperly join Steve Jones.

### III. OAM DID NOT IMPROPERLY JOIN STEVE JONES

#### *A. Legal Standard for Improper Joinder*

The Fifth Circuit recognizes two ways to establish improper joinder: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). The test for the latter, at issue here, is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "In deciding whether a party was improperly joined, we resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d at 278, 281 (5th Cir. 2007) (citation omitted). "The burden of persuasion on those who claim [improper] joinder is a heavy one." *Travis*, 326 F.3d at 649 (citation omitted).

### B. Applicability of the Federal or Texas Pleading
### Standard for Improper Joinder Analysis

Whether the federal pleading standard or the state pleading standard applies in analyzing the second way to establish improper joinder is currently an open question in the Fifth Circuit.[5] *Twombly* and *Iqbal*, combined with language from previous Fifth Circuit opinions,[6] appear to have created confusion on this issue, producing some disagreement among Fifth Circuit district judges on which standard should apply. *Compare Duran v. Wal-Mart Associates, Inc.*, 2013 WL 950752, at *3 (N.D. Tex. 2013) ("In conducting the *Smallwood* [improper joinder] test of viability, the court may conduct an analysis of whether the complaint states a claim upon which relief may be granted. In other words, a Rule 12(b)(6) analysis.") *with Ross*, 2013 WL 1290225, at *4 (S.D. Tex. 2013) ("[T]he notion that a federal district court must apply *Twombly* and *Iqbal* [when determining improper joinder] is belied by the fundamental language used to describe the second method of proving improper joinder, i.e., '[an] inability of the plaintiff to establish a cause of action against the

---

[5]The Fifth Circuit has, in an unpublished opinion, applied the Texas pleading standard in its improper joinder analysis. *See De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537–38 (5th Cir. 2005). This opinion, however, does not significantly illuminate this issue, because it does not include an in-depth discussion of the matter, and it preceded *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[6]*See, e.g.*, *Smallwood*, 385 F.3d at 573 ("The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." (footnote omitted)).

non-diverse party *in state court*.'" (third alteration in original) (quoting *Smallwood*, 385 F.3d at 573)).

Some Northern District of Texas judges have applied the federal pleading standard. *See, e.g.*, *Sahinkaya v. Travelers Indem. Co.*, 2010 WL 3119423, at *3 n.4 (N.D. Tex. 2010) (Boyle, J.); *Duran*, 2013 WL 950752, at *3 (N.D. Tex. 2013) (McBryde, J.). But the current trend among a majority of Northern District judges is to apply the more lenient state pleading standard.[7]

This approach is consistent with what appears to be the majority approach of other federal courts that have analyzed this question. *See, e.g.*, *Edwea, Inc. v. Allstate Ins. Co.*, 2010 WL 5099607, at *5 (S.D. Tex. 2010) (Rosenthal, J.) ("The majority of courts have held that a federal court should not look to the federal standard for pleading sufficiently under

---

[7]*See, e.g.*, *Arana*, 2013 WL 2149589, at *3 (N.D. Tex. 2013) (Fitzwater, C.J.) ("[T]he undersigned, since first deciding the question, has consistently rejected the premise that improper joinder is decided under the *Twombly* standard."); *Landor v. State Farm Lloyds*, 2013 WL 1746003, at *2 (N.D. Tex. 2013) (Lynn, J.) ("This Court has recently determined that the better reasoned approach is to apply the state court pleading standard."); *Durable Specialties, Inc. v. Liberty Ins. Corp.*, 2011 WL 6937377, at *5 (N.D. Tex. 2011) (Lindsay, J.) ("The court does not believe that a pleader in state court should be so hapless that he or she is put in the untenable position of having to anticipate removal to a federal court system that applies a more exacting pleading standard."); *Charla Aldous, P.C. v. Black*, 2013 WL 3154121, at *3 n.3 (N.D. Tex. 2013) (Fish, J.) ("[A]pplying the state pleading standard seems most natural."); *Ridgeview Presbyterian Church v. Philadelphia Indem. Ins. Co.*, 2013 WL 5477166, *3–4 (N.D. Tex. 2013) (Boyle, J.); *Fantroy v. Dallas Area Rapid Transit*, 2013 WL 2284879, at *4 (N.D. Tex. 2013) (Kinkeade, J.); *Shioleno Indus., Inc. v. Liberty Mut. Fire Ins. Co.*, 2012 WL 176572 (N.D. Tex. 2012) (Toliver, Mag. J.) *accepted by* 2012 WL 195016 (N.D. Tex. 2012) (O'Connor, J.); Order Granting Motion to Remand, Oct. 8, 2013 [6], in *Williams v. State Farm Lloyds*, Civil Action No. 3:13-CV-02194-N (N.D. Tex. filed June 12, 2013) (Godbey, J.) ("[T]he undersigned accepts the view espoused by some judges in this district that the state pleading standard, rather than the heightened federal standard, applies when examining a removed petition for improper joinder.").

Rule 8 and 12(b)(6) to determine whether the state-court petition provides a reasonable basis for predicting that the plaintiff could recover against the in-state defendant at least when, as here, the state pleading standard is more lenient." (collecting cases)); *In re Regions Morgan Keegan Sec., Derivative, & ERISA Litig.*, 2013 WL 2404063, at *11 (W.D. Tenn. 2013) ("There is a growing body of law in the Eastern District of Kentucky applying state pleading standards to determine whether plaintiffs have colorable claims when defendants allege fraudulent joinder."); *Hatherley v. Pfizer, Inc.*, 2013 WL 3354458, at *6 (E.D. Cal. 2013) ("To the extent pleading standards are relevant to [fraudulent joinder] analysis, courts have looked to state law." (footnote omitted)).

As stated in previous orders, this Court believes that a federal court should look to the state pleading standard when conducting its improper joinder analysis of whether the state-court petition provides a reasonable basis for predicting that the plaintiff could recover against an in-state defendant. Accordingly, the Court applies the Texas "fair notice" standard to the case at hand.

Under the Texas Rules of Civil Procedure, a pleading may contain legal conclusions as long as the allegations, considered as a whole, provide fair notice to the opponent. *See* TEX. R. CIV. P. 45(b). A Texas state court liberally construes a plaintiff's petition in the plaintiff's favor. *Starcrest Trust v. Berry*, 926 S.W.2d 343, 349 (Tex. App. – Austin, 1996, no writ). Moreover, a court applying the Texas pleading standard will look to the plaintiff's intent and uphold a petition, "'even if some element of a cause of action has not been specifically alleged,'" and "'[e]very fact will be supplied that can reasonably be inferred

from what is specifically stated.'" *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex. App. – Corpus Christi 1991, writ denied) (quoting *Gulf, Colo. & Sante Fe Ry. Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex. 1963)).

### *C. There is a Reasonable Basis to Predict that OAM could Establish a Cause of Action against Steve Jones*

Owners Insurance contends that there is no reasonable basis to predict that OAM could establish a cause of action against Steve Jones or IAS. Owners Insurance argues that (1) OAM has not alleged any individual actions on the part of Steve Jones or IAS that are separate and apart from the allegations against Owners Insurance and (2) OAM has not alleged enough facts to adequately state a claim for relief against Steve Jones or IAS. *See* Def.'s Resp. to Pl.'s Mot. to Remand 3–6 [14]. Both arguments fail.[8]

First, OAM has included specific allegations against Steve Jones:

> 39. Defendant Jones is an individual liable for his unfair and deceptive acts by performing an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim of denying Plaintiff's insurance claim by concluding that the damage to Plaintiff's property was not a result of Hurricane Irene wind and rain, irrespective of the fact he was acting on behalf of Defendant Owners Insurance Company and/or Defendant IAS.

Pl.'s Pet. ¶ 39.

---

[8]As previously discussed, while OAM's petition is not clear under which state's deceptive trade practices act their claim is brought, this Court assumes that either Texas's or North Carolina's DTPA is at issue. *See supra* note 2. This Court finds no need to do a choice of law analysis because the Court finds that there is a reasonable basis to predict that OAM could establish a claim against Steve Jones under either North Carolina's or Texas's DTPA.

Furthermore, Texas law recognizes DTPA claims against insurance adjusters in their individual capacities. *See TAJ Properties, LLC v. Zurich Am. Ins. Co.*, 2010 WL 4923473, at *2 (S.D. Tex. 2010) ("Texas law recognizes suits against insurance adjusters in their individual capacities under the Texas Insurance Code and the DTPA. Both the Insurance Code and the DTPA apply to 'any person' who commits one of the statutes' respective prohibited acts or practices."). And while North Carolina state courts have not answered this question, federal district courts in North Carolina still have reached the same remand result. *See, e.g.*, *New Jerusalem Rebirth & Restoration Ministries, Inc. v. Meyer*, 2012 WL 2704251, at *5 (W.D.N.C. 2012) ("North Carolina courts have not specifically addressed whether an insurance adjuster may be subject to individual liability for unfair and deceptive trade practices under [North Carolina's Unfair and Deceptive Trade Practices Act]. 'In the absence of a North Carolina case that squarely resolves that Plaintiff's claim is not actionable or when the issue involves a judgment call and a federal court cannot say with certainty what a North Carolina would hold, remand is proper.'" (quoting *Geller v. Provident Life & Accident Ins. Co.*, 2011 WL 1239835, at *4 (W.D.N.C. 2011))).

Second, OAM has included enough details and facts in its petition to satisfy Texas's fair notice pleading standard for its DTPA claim against Steve Jones. Some of OAM's allegations that support this claim, in addition to the previously provided allegations from paragraph 39 of the petition, are as follows:

> 11. . . . . Defendants negligently concluded there was no damage to Plaintiff's property as a result of Hurricane Irene wind and rain [when there was significant damage to the exterior, roofs, and interior].

. . . .

14. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence, Hurricane Irene wind and rain.

15. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.

16. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. . . .

17. Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants.

Pl.'s Pet. ¶¶ 11, 14–17.

These allegations provide a reasonable basis for this Court to conclude that OAM could establish a DTPA claim against Steve Jones in state court under Texas's fair notice pleading standard. And one adequately stated claim against one in-state defendant is enough to trigger the forum-defendant rule and require remand. *Cf. Gray ex rel. Rudd v. Beverly Enters.-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." (footnote omitted)). Unlike some other Fifth Circuit cases, where improper joinder was established, Owners Insurance has not provided any evidence that strongly shows that recovery against both Steve Jones and IAS would be unlikely. *See Harris v. Allstate Tex. Lloyd's*, 2010 WL 1790744 (S.D. Tex. 2010).

ORDER – PAGE 11

Thus, because Owners Insurance has failed to establish improper joinder, remand to state court is proper.

### IV. THE COURT DECLINES TO AWARD ATTORNEYS' FEES AND COSTS TO OAM

OAM seeks an award of attorneys' fees and costs under 28 U.S.C. § 1447(c), which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." While attorneys' fees and cost awards are generally left to the discretion of the district court, attorneys' fees under § 1447 should be awarded, absent unusual circumstances, only "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). This restriction does not apply to awarding "costs." *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 n.5 (5th Cir. 2004).

It does not appear that Defendants lacked an objectively reasonable basis for seeking removal. And the Court does not believe any award of costs is warranted. Thus, the Court denies OAM's request for attorneys' fees and costs.

### CONCLUSION

The Court orders that Civil Action No. 3:13-CV-03872 be remanded to the 101st Judicial District in Dallas County, Texas.

Signed December 5, 2013.

_____
David C. Godbey
United States District Judge